UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 05-2191 |
| | ) |
| TAMMY L. HULL, | ) |
| | ) |
| Defendant. | ) |

NOTICE OF MARSHAL'S SALE

PUBLIC NOTICE is hereby given that pursuant to a judgment of foreclosure entered by the court in the above-entitled cause, the property hereinafter described or so much thereof as shall be sufficient to satisfy said judgment, will be sold to the highest bidder.

1. The name, address and telephone number of the person to contact for information regarding the real estate is:

> Brian Bend
> Rural Development Manager
> USDA Service Center
> P.O. Box 80
> 1510 W. Reynolds
> Pontiac, IL 61764
>
> Telephone No: 815-844-6127, Ext. 4

2. The common address and other common description, if any, of the real estate is:

> 103 W. Maple, Gibson City, IL 60936

3. The legal description of the real estate is:

Lots One (1) and Two (2) in Block Four (4) of Cender's Subdivision to Gibson of a part of the Northeast Quarter (NE1/4) of the Northwest Quarter (NW1/4) of Section Fourteen (14), Township Twenty-three (23) North, Range Seven (7) East of the Third Principal Meridian, situated in the City of Gibson, County of Ford and State of Illinois.

4.  The real estate may be inspected prior to sale at the following times:

    (Available for inspection during business hours upon reasonable advance notice to the county office listed above.)

5.  The time and place of the sale are:

    10:00 A.M. January 26, 2006, inside the Ford County Courthouse, Paxton, Illinois.

6.  The terms of the sale are:

    10% of purchase price payable at time and place of sale by certified check.  Balance to be paid by certified check received by the United States Marshal, 100 N.E. Monroe, Room 264, Peoria, Illinois 61602, within thirty (30) days of date of said sale.  If the balance is not received within said time period, the 10% payment made at time of sale shall be forfeited to the United States, the sale shall be void and a new sale shall be scheduled by the Court.

7.  Title will be conveyed subject to all general real estate taxes for the years 2005 and thereafter to be paid by buyer(s), which are a lien upon the real estate, and special assessments, if any, and easements and restrictions of record.  Buyer(s) shall also be responsible for payment of the real estate transfer tax (35 ILCS 200-31-45).

8.  Upon receipt of the entire purchase price amount, a Certificate of Sale shall be forwarded to the Marshal for execution describing the lands and tenements purchased and the sum paid therefor to be tendered to the purchaser.  Upon confirmation of said sale by the Court, the holder of said Certificate of Sale shall be entitled to a deed for said premises.

DATED at Springfield, Illinois, this 17th day of November 2005.

> s/Steven D. Deatherage
> STEVEN D. DEATHERAGE
> UNITED STATES MARSHAL
> CENTRAL DISTRICT OF ILLINOIS